**YU | MOHANDESI LLP**
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Lisa M. Lawrence** (SBN 240375)
213.377.5504 | llawrence@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Santander Consumer USA Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

CATHERINE ROCHA,

Plaintiff,

v.

SANTANDER CONSUMER, USA, INC. and DOES 1-10 inclusive,

Defendants.

Case No.: 2:26-cv-6139

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**

[FEDERAL QUESTION REMOVAL]

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Santander Consumer USA Inc. ("Defendant"), by and through its undersigned counsel, hereby removes the action described below from the Superior Court of the State of California, County of Los Angeles ("State Court"), to the United States District Court for the Central District of California, Western Division, pursuant to Sections 1331, 1441 and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

## I. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

1. On or about March 12, 2026, Plaintiff Catherine Rocha ("Plaintiff") filed the State Court Complaint, entitled *Catherine Rocha v. Santander Consumer, USA, Inc.*, bearing case number 26NNCV01788 ("Complaint").

2. In the Complaint, Plaintiff alleges, among other things, that Defendant improperly attempted to collect a debt from her. Based on these allegations, Plaintiff asserts two causes of action for: (1) Violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("RFDCPA") and (2) Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). A true and correct copy of the Summons and Complaint, along with all process, pleadings, and orders served upon Defendant in this action, are collectively attached hereto as **Exhibit A**.

3. The Complaint asserts a claim arising under federal law – the TCPA – over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has supplemental jurisdiction over Plaintiff's remaining RFDCPA claim

pursuant to 28 U.S.C. § 1367. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

4. Removal of this action is timely. On May 11, 2026, Defendant executed a Notice and Acknowledgment and Receipt ("Acknowledgment") under section 415.30 of the California Code of Civil Procedure. Where, as here, service is effected under section 415.30, "th[e] summons is deemed served on the date of execution." Therefore, the removal of this action is timely in that it was filed within 30 days from the time Defendant received notice that the action was removable, pursuant to 28 U.S.C. § 1446(b). *See Delgado Pimentel v. Huntsman Int'l, LLC*, 2019 WL 3073943, at *4 (C.D. Cal. July 15, 2019) (removal timely where it was filed within 30 days of execution of § 415.30 acknowledgment).

5. Venue is proper in this Court because the State Court is located within the United States District Court for the Central District of California, Western Division, which are the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6. In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the State Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

7. Attached hereto as **Exhibit B** is the Answer filed by Defendant in the State Court.

8. No previous application has been made for the relief requested herein.

///

///

///

///

///

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**WHEREFORE**, Defendant respectfully removes this action from the State Court to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

DATED: June 5, 2026

**YU | MOHANDESI LLP**

By: *__/s/ Jordan S. Yu__*
Jordan S. Yu
Lisa M. Lawrence
Attorneys for Defendant
Santander Consumer USA Inc.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## CERTIFICATE OF SERVICE

I certify that on June 1, 2026, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: June 5, 2026

By: *__/s/ Jordan S. Yu__*
Jordan S. Yu

# EXHIBIT A

| SHORT TITLE<br>ROCHA v SANTANDER | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| **Applicable Reasons for Choosing Courthouse Location (Column C)** | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE<br>ROCHA v SANTANDER | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE ROCHA v SANTANDER | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation Number of Parcels ________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| ROCHA v SANTANDER | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action (check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☑ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE ROCHA v SANTANDER | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON: ☐ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☑ 9. ☐ 10. ☐ 11 | | | ADDRESS: 7227 TROOST AVE APT 4 |
|---|---|---|---|
| CITY: NORTH HOLLYWOOD | STATE: CA | ZIP CODE: 91605 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the north east District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 3/12/26

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 308804
NAME: ALICIA MCELWAINE-LETO
FIRM NAME: LAW OFFICES OF ALICIA MCELWAINE-LETO
STREET ADDRESS: 4089 CONRAD DR
CITY: SPRING VALLEY STATE: CA ZIP CODE: 91977
TELEPHONE NO.: 949-698-2865 FAX NO.:
EMAIL ADDRESS: ALICIA@PEACELOVEANDLAW.COM
ATTORNEY FOR (*name*): PLAINTIFF, CATHERINE ROCHA

*FOR COURT USE ONLY*

**Electronically FILED by Superior Court of California, County of Los Angeles 3/12/2026 7:17 AM David W. Slayton, Executive Officer/Clerk of Court, By S. Adams, Deputy Clerk**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
~~STREET ADDRESS: 300 E Walnut St~~
~~MAILING ADDRESS:~~
~~CITY AND ZIP CODE: pasadena 91101~~
~~BRANCH NAME: Pasadena~~

ALHAMBRA COURTHOUSE
150 WEST COMMONWEALTH AVENUE
ALHAMBRA, CA 91801

CASE NAME:
CATHERINE ROCHA V SANTANDER CONSMER USA

**CIVIL CASE COVER SHEET**
[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26NNCV01788
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[x] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify):* TWO (1)ROSENTHAL ACT 2) TCPA

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/12/26

ALICIA MCELWAINE-LETO
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or toxic/ environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collections Case–Seller Plaintiff
- Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition



**For your protection and privacy, please press the Clear button after you have printed the form.**

Print Save Clear

**LAW OFFICES OF ALICIA MCELWAINE-LETO**
Alicia MCELWAINE-LETO (SBN: 308804)
4089 Conrad Dr
Spring Valley, CA 91977
Cell: 949-698-2865
*alicia@peaceloveandlaw.com*

Attorneys for Plaintiff,
**CATHERINE ROCHA**

**Electronically FILED by**
**Superior Court of California,**
**County of Los Angeles**
**3/12/2026 7:17 AM**
**David W. Slayton,**
**Executive Officer/Clerk of Court,**
**By S. Adams, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

**CENTRAL DISTRICT**

CATHERINE ROCHA

PLAINTIFF,

VS.

SANTANDER CONSUMER, USA, INC.; AND DOES 1-10, INCLUSIVE,

DEFENDANTS.

CASE NO: 26NNCV01788

COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA ROSENTHAL ACT; VIOLATIONS OF THE TCPA

**Unlimited Civil**
(Demand Exceeds $35,000)

Plaintiff alleges on information and belief as follows:

## I. INTRODUCTION

Plaintiff, Catherine Rocha ("Plaintiff"), files this civil action against Defendant Santander Consumer USA, INC. ("Defendant"), and Does 1 to 10, inclusive, (collectively referenced as "Defendants"). for violations of California's Fair Debt Collection Practices Act, also known as the *Rosenthal Act* ("RFDCPA"); and violations of the Telephone Consumer Protection Act ("TCPA").

Defendants have committed several violations by engaging in unfair debt collection practices using false, deceptive, and/or misleading tactics and techniques in attempt to collect a debt not owed. Plaintiff seeks actual damages, statutory damages, punitive damages, injunctive relief, attorneys' fees, and costs of suit.

## II. PARTIES

1. Plaintiff was, at all times relevant herein, a natural person over the age of 18 and resident of Los Angeles County, California, and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

2. At all relevant times herein, Defendant Santander Consumer USA,. Inc is an Illinois corporation with its principal place of business in Dallas Texas. Santander is an automobile finance company which does regular and continuous business in California.

3. By the use of mails and telephone, Defendant was in the business of collecting a debt from Plaintiff, which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f), and at all times relevant, was a "debt collector" as defined by the RFDCPA, Cal Civ. Code §1788.2(c).

4. Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227(a)(1).

5. Defendants Does 1-10, inclusive, are persons or entities, true names and capacities presently unknown to Plaintiff, and who therefore are sued by such fictitious names, pursuant to the provisions of Cal. Civ. Code §474. Plaintiff is informed and believe and thereon alleges that each named defendant perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

6. Plaintiff is informed, and believes, and thereon alleges that at all relevant times, each defendant was the agent, employee, representative, partner, parent company, subsidiary, or affiliate of such agency, employment representation, partnership or corporate affiliation, while doing or omitting to do the acts alleged herein, and with the permission, approval, consent, and/or ratification

of all other defendants. The allegations against each defendant incorporate by reference the allegations against each Doe defendant.

## III. Jurisdiction and Venue

7. The California Superior Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all cases except those given by statute to other trial courts. Further, this Court has jurisdiction because the amount in controversy does exceed $25,000.00 and Plaintiff seeks injunctive relief.

8. This Court has personal jurisdiction over Defendants. Defendants purposely avail themselves of the benefits and protections of the State of California, and/or have sufficient contact with the State of California such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

9. Venue is proper in Los Angeles Superior Court, pursuant to Cal. Code Civ. §395.5, because the cause, or some part of the cause, arose in Los Angeles County and Plaintiff resides in this county, in accordance with Cal. Code Civ. §2984.4(a)

## IV. Factual Allegations

10. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants contacted Plaintiff in an attempt to collect an alleged outstanding debt.

11. Defendant initiated calls to Plaintiff's cellular telephone number ending in "4001" while using an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1).

12. Plaintiff uses her cellular telephone number ending in "4001" for business as well as personal use.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

14. Defendant's calls were placed to the telephone number ending in "4001" which is assigned to a cellular telephone service which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15. Prior to being contacted via an "automatic telephone dialing system," Plaintiff has revoked any and all consent to be contacted via an "automatic telephone dialing system."

16. Blatantly disregarding the law, Defendant contacted Plaintiff during unauthorized hours of the day, using an automatic dialer, and failing to identify who was calling.

17. Plaintiff has no knowledge of any debt incurred in relation to the calls from Defendant. Plaintiff is informed and believes that Plaintiff no longer owes this alleged debt. Plaintiff informed Defendant of this and told them to stop calling him. Defendants insist Plaintiff owes the debt, yet fails to provide sufficient documentation validating it.

18. Defendant's illegal acts occurred with enough regularity and frequency to constitute harassment under the circumstances.

19. On October 30, 2024, Plaintiff demanded a second time in writing that Defendants produce evidence to validate their claim. To date, Defendants have failed to provide *any* documentation of the alleged debt or justification for their harassing phone calls and derogatory credit marks.

20. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in §1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. 1692d, and §1692d(5).

21. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

(a) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. §1692d(5));

(b) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. §1692c(a)(1));

(c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff. (Cal. Civ. Code §1788.11(d));

(d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances. (Cal. Civ. Code §1788.11(e)); and

(e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff. (15 U.S.C. §1692d)).

22. Defendant's conduct violated the TCPA by using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call. 47 U.S.C. §227(b)(A)(iii)).

23. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## V. FIRST CAUSE OF ACTION

VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
CAL. CIVIL CODE §1788 *et seq.*
**AGAINST ALL DEFENDANTS**

24. Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

25. The *Rosenthal* Fair Debt Collections Act, Cal. Civ. Code §1788 *et seq*. was enacted to protect consumers from the oppressive and over-reaching debt collection practices of creditors and professional debt collectors. Cal. Civ. Code §1788.1(b). The California Legislature has found that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civ. Code §1788.1(a)(2). Thus, RFDCPA was enacted to ensure the integrity of California's banking and credit industry, *Id.; §1788.1(b).*

26. California Civil Code §1788.17 requires that Defendants comply with the provisions of 15 U.S.C. §1692. Defendants violated Cal. Civ. Code §1788.17 by:

a. engaging in conduct, the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt, a violation of 15 U.S.C.§1692(d);

b. Misrepresenting the status of the debt, a violation of 15 U.S.C. §1692(e)(s)(A);

c. Using unfair or unconscionable means to collect or attempt to collect a debt, a violation of 15 U.S.C. §1692(e)(10).

27. To the extent that Defendant's actions, enumerated above, violated the RFDCPA, those actions were done willfully and knowingly. Each act is a sole and separate violation under Cal. Civ. Code §1788.30(b), and shall trigger multiple $1,000.00 statutory penalties.

28. Cal. Civ. Code §1788.17 provides that Defendants are subject to the remedies as specified under 15 U.S.C. §1692(k) for failing to comply with the provisions of 15 U.S.C. §1692(b)(6) and §1692(c)c.

29. As a proximate result of the above-described violations of the RFDCPA, Plaintiff has been damaged in amounts, which are subject to proof, and is entitled to collect such actual damages from Defendant pursuant to Cal. Civ. §1788.30(a); statutory damages pursuant to Cal. Civ. §1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. §1788.30(c).

## §VI. Second Cause of Action

Violation of the Telephone Consumer Protection Act
47 U.S.C. §227 *et seq.*
**Against All Defendants**

30. Plaintiff re-alleges and incorporates by reference the allegations set forth in the paragraphs above.

31. Section 227(b)(1)(A) of the Telecommunications Consumer Protection Act (47 U.S.C. §227 et seq.) provides in pertinent part that "[i]t shall be unlawful for any person…to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a cellular telephone service…or any service for which the called party is charged for the call…."

32. Section 227(b)(3)(B) of the TCPA further provides in pertinent part: "A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State…an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater…If the court finds that the defendant willfully or knowingly violated this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to no more than three 3 times the amount available under…this paragraph."

33. Section 227(e)(1)(B) of the TCPA further provides that "nothing in this section…shall preempt any State law that imposes more restrictive intrastate requirements or regulations on, or which prohibits…the use of automatic telephone dialing systems…"

34. When Defendants believed that Plaintiff owed it money, Defendants began collection activities against Plaintiff. These activities included placing calls harassing calls to Plaintiff's cell phone before 8:00 a.m., the use of prerecorded messages, and an automatic telephone dialing system.

35. None of the calls made to Plaintiff's cell phone were for emergency purposes or made with Plaintiff's express consent.

36. The minutes incurred by Plaintiff for these calls were counted towards the minutes Plaintiff purchased as part of his cell phone plan.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 *et seq.*

38. As a result of Defendant's negligent violations of 47 U.S.C. §227 *et seq.,* Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

39. The foregoing acts and omissions constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 *et seq.*

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant for the following:

(A) Actual Damages;

(B) Statutory damages for willful and negligent violations;

(C) Injunctive relief;

(D) Declaratory Judgment;

(E) Costs and reasonable attorney's fees and expenses;

(F) Pre and post judgment interest; and

(G) For any such further relief as the Court deems just and proper.

**DATED:** March 11, 2026

**LAW OFFICES OF ALICIA MCELWAINE-LETO**

**By:** /s/ ALeto

ALICIA MCELWAINE-LETO
**Attorneys For Plaintiff, CATHERINE ROCHA**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>03/12/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: S. Adams Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>26NNCV01788 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Ian C. Fusselman | T | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/12/2026
(Date)

David W. Slayton, Executive Officer / Clerk of Court

By S. Adams, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
***(SOLO PARA USO DE LA CORTE)***

**Electronically FILED by Superior Court of California, County of Los Angeles 3/12/2026 7:17 AM David W. Slayton, Executive Officer/Clerk of Court, By S. Adams, Deputy Clerk**

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SANTANDER CONSUMER, USA, INC.; AND DOES 1-10, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CATHERINE ROCHA

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* ~~PASADENA~~ ALHAMBRA COURTHOUSE
~~300 E Walnut St. Pasadena CA 91101~~ 150 WEST COMMONWEALTH AVENUE
ALHAMBRA, CA 91801

CASE NUMBER:
*(Número del Caso):*
26NNCV01788

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alicia McElwaine-Leto (308804) 4089 Conrad Dr Spring Valley CA 91977 949-698-2865 alicia@peaceloveandlaw.com

DATE: *(Fecha)* 03/12/2026 Clerk, by *(Secretario)* David W. Slayton, Executive Officer/Clerk of Court S. Adams, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:





**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br>03/13/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: V. Garcia Deputy |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | |
| PLAINTIFF(S)/PETITIONER(S):<br>CATHERINE ROCHA | |
| DEFENDANT(S)/RESPONDENT(S):<br>SANTANDER CONSUMER, USA, INC. | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>26NNCV01788 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Notice of Case Management Conference of 03/13/2026**
**Order to Show Cause Failure to File Proof of Service of 03/13/2026**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"McElwaine-Leto, Alicia" <LetoLawCA@gmail.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Alhambra Courthouse, 150 West Commonwealth Avenue, Alhambra, CA 91801.

Dated: 03/13/2026

David W. Slayton, Executive Officer / Clerk of Court

By: V. Garcia
Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

FILED
Superior Court of California
County of Los Angeles
03/13/2026
David W. Slayton, Executive Officer / Clerk of Court
By: V. Garcia Deputy

COURTHOUSE ADDRESS:
Alhambra Courthouse
150 West Commonwealth Avenue, Alhambra, CA 91801

PLAINTIFF:
CATHERINE ROCHA

DEFENDANT:
SANTANDER CONSUMER, USA, INC.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
26NNCV01788

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 10/14/2026 | Time: 8:30 AM | Dept.: T |
|---|---|---|

NOTICE TO DEFENDANT: THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 03/13/2026

Judicial Officer
Ian C. Fusselman / Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Alhambra, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Alicia McElwaine-Leto
4089 Conrad Dr
Spring Valley, CA 91977

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/13/2026

By V. Garcia
Deputy Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Alhambra Courthouse<br>150 West Commonwealth Avenue, Alhambra, CA 91801 | FILED<br>Superior Court of California<br>County of Los Angeles<br>03/13/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: V. Garcia Deputy |
| PLAINTIFF(S):<br>CATHERINE ROCHA | |
| DEFENDANT(S):<br>SANTANDER CONSUMER, USA, INC. | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>26NNCV01788 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on 07/08/2026 at 8:30 AM in department T of this court, Alhambra Courthouse, and show cause why sanctions should not be imposed for:

[✔] Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following: California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔] To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: 03/13/2026

Ian C. Fusselman / Judge
Judicial Officer

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Alhambra Courthouse 150 West Commonwealth Avenue, Alhambra, CA 91801 | FILED Superior Court of California County of Los Angeles 03/13/2026 David W. Slayton, Executive Officer / Clerk of Court By: V. Garcia Deputy |
| PLAINTIFF/PETITIONER: CATHERINE ROCHA | |
| DEFENDANT/RESPONDENT: SANTANDER CONSUMER, USA, INC. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER: 26NNCV01788 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Alhambra**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Alicia McElwaine-Leto
Law Offices of Alicia McElwaine-Leto
4089 Conrad Dr
Spring Valley, CA 91977

David W. Slayton, Executive Officer / Clerk of Court

Dated: 03/13/2026

By: V. Garcia
Deputy Clerk

*Superior Court of California, County of Los Angeles*

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

### TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

### ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

### DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

### WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

POS-015

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 308804
NAME: Alicia McElwaine-Leto
FIRM NAME: LAW OFFICES OF ALICIA MCELWAINE-LETO
STREET ADDRESS: 4089 Conrad Dr
CITY: Spring Valley STATE: CA ZIP CODE: 91977
TELEPHONE NO.: 949-698-2865 FAX NO. :
E-MAIL ADDRESS: alicia@peaceloveandlaw.com
ATTORNEY FOR (*Name*):

*FOR COURT USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 150 WEST COMMONWEALTH AVE
MAILING ADDRESS:
CITY AND ZIP CODE: ALHAMBRA 91801
BRANCH NAME: ALHAMBRA COURTHOUSE

Plaintiff/Petitioner: CATHERINE ROCHA
Defendant/Respondent: SANTANDER CONSUMER USA, INC.

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL**

CASE NUMBER: 26NNCV01788

TO *(insert name of party being served):* SANTANDER CONSUMER USA, INC.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 5/8/2026

ALICIA MCELWAINE-LETO
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [x] Other *(specify):*
   CIVIL CASE COVER SHEET
   ADR
   NOTICE OF CMC
   NOTICE & ACKNOWLEDGEMENT OF RECEIPT

***(To be completed by recipient):***

Date this form is signed: 05/11/2026

Jordan S. Yu
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)





For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

# EXHIBIT B

**YU | MOHANDESI LLP**
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Lisa M. Lawrence** (SBN 240375)
213.377.5504 | llawrence@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Santander Consumer USA Inc.

**Electronically FILED by Superior Court of California, County of Los Angeles 6/04/2026 1:01 PM David W. Slayton, Executive Officer/Clerk of Court, By R. Menzie, Deputy Clerk**

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| CATHERINE ROCHA,<br><br>Plaintiff,<br>v.<br><br>SANTANDER CONSUMER, USA, INC. and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 26NNCV01788<br><br>**DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO COMPLAINT** |

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Defendant Santander Consumer USA Inc. ("Defendant") hereby answers the Complaint ("Complaint") of Plaintiff Catherine Rocha ("Plaintiff"), as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30, Defendant denies each and every allegation contained in the Complaint. Defendant further denies that Plaintiff is entitled to any relief against Defendant. In addition, Defendant denies that Plaintiff has sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Defendant, or any agent, employee or any other person acting under Defendant's authority or control.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Defendant reserves the right to compel contractual arbitration.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims may be barred by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff may be barred from obtaining the relief sought by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims may be barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all acts or omissions alleged.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendant's conduct was privileged or justified.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiff's claims may be barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff's claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's claims under the RFDCPA may be barred because Defendant cured any alleged violation within the 15-day statutory period.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

**TWELFTH AFFIRMATIVE DEFENSE**

12. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. If Plaintiff prevails against Defendant, Defendant's liability is several and limited to its own actionable segment of fault, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendant is informed and believes and thereon alleges that Plaintiff has failed to use reasonable efforts to mitigate her alleged damages, if any.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims may be barred because she provided the applicable express invitation, permission, and/or consent within the meaning of the TCPA for all calls or text message allegedly placed to her telephone number(s).

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims may be barred because the parties had an established business relationship, as set forth in 47 C.F.R. § 64.1200, at all relevant times.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff is precluded from any recovery from Defendant for a willful and knowing violation of the TCPA because any such violation (which Defendant denies occurred) would not have been willful or knowing.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. The imposition of liability and/or statutory damages under the TCPA as sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims may be barred because Plaintiff was not charged for any calls allegedly placed to a cell phone number.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims may be barred by the safe harbor provision set forth at 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2)(i), to the extent any calls were the result of an innocent mistake and/or error notwithstanding Defendant's implementation, with due care, of reasonable practices and procedures to effectively prevent the alleged actions or omissions at issue in the Complaint.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiff's claims may be barred because, pursuant to 42 U.S.C. § 227(c)(5), a caller is not liable under the TCPA if the called party has not received more than one telephone call within any 12-month period.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees according to proof and to the extent available by law or contract; and
4. For such other and further relief as this Court may deem just and proper.

DATED: June 4, 2026

**YU | MOHANDESI LLP**

By *\/s/ Lisa M. Lawrence*

Jordan S. Yu
Lisa M. Lawrence
Attorneys for Defendant
Santander Consumer USA Inc.

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is YU | MOHANDESI LLP, 633 W. Fifth Street, Suite 2800, Los Angeles, CA 90071.

On June 4, 2026, on the case known as

Case No. : 26NNCV01788
Case Name : CATHERINE ROCHA VS SANTANDER CONSUMER, USA, INC.

the following document(s) were served by the method indicated below:

- **DEFENDANT SANTANDER CONSUMER USA INC.'S ANSWER TO COMPLAINT**

| | |
|---|---|
| | by having the document(s) listed above delivered by hand to the office of the addressee(s) set forth below. (C.C.P. § 1011(a), (b)) |
| | by having the document(s) listed above placed in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
| | by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
| | by having the document(s) listed above placed in a sealed envelope(s) and consigning it to an express mail service for delivery on the next business day to the address(es) set forth below. |
| **X** | by electronically serving the document(s) described above to the recipient(s) indicated below. |

| ***Counsel for Plaintiff*** | |
|---|---|
| LAW OFFICES OF ALICIA MCELWAINE-LETO<br>Alicia MCELWAINE-LETO<br>4164 Tweedy Blvd<br>South Gate, CA 90280<br>alicia@peaceloveandlaw.com<br>LetoLitigation@gmail.com | Sergio Castaneda<br>CASTANEDA LAW, APC<br>1055 Wilshire Blvd, Ste 1940<br>Los Angeles, CA 90017<br>Sergio@castaneda-law.com |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 4, 2026 at Orange County in the State of California.

Arvin Paja