UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-06139-PD Date: September 23, 2026

Title *Catherine Rocha v. Santander Consumer USA Inc.*

Present: The Honorable: Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):** **Order Granting Unopposed Motion to Compel Arbitration and Stay Action, Dkt. No. 8**

Pending before the Court is Defendant Santander Consumer, USA's ("Defendant") unopposed Motion to Compel Arbitration and Stay Action ("Motion"). Dkt. No. 8. At the August 14, 2026 hearing on this Motion, the Court granted Plaintiff leave to file an opposition by August 19, 2026. Dkt. No. 12. Plaintiff did not file an opposition by the deadline, and as of the date of this order, has not filed an opposition. *See also* Dkt. No. 13 (Defendant's Second Notice of Nonreceipt of Opposition).

For the reasons set forth below, Defendant's Motion is GRANTED.

## I. Background

Plaintiff entered into a "Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision)" (the "RISC") with Universal City Nissan, Inc. to purchase a 2013 Nissan Sentra in March 2014. Dkt. No 8-1, Van Haren Decl., ¶ 3; Dkt. No. 8-1 at 3. Defendant provided the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-06139-PD Date: September 23, 2026

Title *Catherine Rocha v. Santander Consumer USA Inc.*

financing for Plaintiff's purchase of the vehicle and received an assignment of the RISC. Van Haren Decl., ¶ 3.

The RISC contains an Arbitration Provision that reads in relevant part as follows:

**ARBITRATION PROVISION**
**PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS**

**1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**

**2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS ACTION CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATOIN OF INDIVIDUAL ARBITRATIONS.**

**3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit

> application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action.

Dkt. No. 8-1 at 5 (bolding and all caps in original). The Arbitration Provision also states that "[a]ny arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration." *Id.*

Defendant has provided a copy of RISC, which contains the arbitration provision, and is signed by Plaintiff and Universal City Nissan, Inc. *See* Dkt. No. 8-1 at 4. Furthermore, the RISC reflects that Universal City Nissan, Inc. assigned its interest in the RISC to Defendant. *See id.* at 5.

## II. Legal Standard

The Federal Arbitration Act ("FAA") provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Supreme Court has described Section 2 of the FAA as reflecting a "liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (internal punctuation and citation omitted). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-06139-PD Date: September 23, 2026

Title *Catherine Rocha v. Santander Consumer USA Inc.*

In deciding a motion to compel arbitration, courts determine "two 'gateway' issues: (1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). However, these two gateway issues can be expressly delegated to the arbitrator through a delegation clause, where "the parties clearly and unmistakably provide otherwise." *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986)). A delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010).

"[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 938 (9th Cir. 2013). The summary judgment standard applies to motions to compel arbitration under the FAA. *Hansen v. LMB Mortgage Servs., Inc.*, 1 F.4th 667, 670 (9th Cir. 2021).

## III. Discussion

Defendant argues the RISC contains an express delegation clause which reserves all gateway issues to the arbitrator.

"[L]anguage delegating to the arbitrators the authority to determine the validity or application of any of the provisions of the arbitration clause[ ] constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208 (9th Cir. 2016) (citation and internal quotations omitted).

When parties to an arbitration agreement delegate questions of arbitrability to the arbitrator, "a court may not override the contract" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-06139-PD Date: September 23, 2026

Title *Catherine Rocha v. Santander Consumer USA Inc.*

"possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019). If an arbitration agreement contains a delegation provision, the party opposing arbitration must specifically challenge the delegation provision. *Rent-A-Ctr., W., Inc.*, 561 U.S. at 72. If the party fails to do so, a court must treat the provision as valid, order arbitration and leave "any challenge to the validity of the [arbitration agreement] as a whole for the arbitrator." *Id.*

Here, the Arbitration Provision provides that the arbitrator will resolve "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (*including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute*)". Dkt. No. 8-1 at 5 (emphasis added). Plaintiff has not opposed this Motion and provides no argument explaining why this language is not "clear and unmistakable" that the parties agreed to have the arbitrator decide the gateway issues. *See also* L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion," unless it is a motion pursuant to Fed. R. Civ. P. 56). Therefore, the Court concludes the Arbitration Provision contains a delegation clause and grants the Motion.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Compel Arbitration and Stay Action is GRANTED. The case is stayed pending conclusion of the arbitration proceedings and all dates and deadlines are vacated. The parties are ordered to file a Notice and Request to Lift Stay within 30 days after arbitration is completed. The parties are also ordered to file a joint status report every six months with the status of the arbitration proceedings.

IT IS SO ORDERED.